IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION AT TOLEDO

| | |
|---|---|
| **MOHAMED EL-FAR, Individually and on behalf of all other Ohio residents similarly situated,** 26969 Mingo Drive Perrysburg, Ohio 43551<br><br>         Plaintiff,<br><br>    Vs.<br><br>**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,** 6000 American Parkway Madison, WI 53783<br><br>And<br><br>**AMERICAN FAMILY INSURANCE COMPANY** 6000 American Parkway Madison, WI 53783<br><br>Also serve: CORPORATION SERVICE CO. 50 West Broad Street, Ste. 1330 Columbus, OH 42316<br><br>         Defendant. | CASE NO.: 3:20-cv-1049<br><br>JUDGE:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Mohamed El-Far, on his own behalf and on behalf of all other Ohio residents similarly situated, for his class action complaint against American Family Mutual Insurance Company and American Family Insurance Company (referred to herein together as "Defendants") states:

1

1. Defendants American Family Mutual Insurance Company ("AF Mutual") is a foreign corporation organized and existing under the laws of Wisconsin that transacts business in Ohio, yet unlawfully failed to register to do so with the Ohio Secretary of State.

2. The reason AF Mutual violated the law and failed to register with the Ohio Secretary of State is that it has no real separate corporate existence apart from American Family Insurance Company ("Am Fam"), another foreign corporation organized under the laws of Wisconsin, which is registered to transact business in Ohio with the Ohio Secretary of State and is transacting business in Ohio under the unregistered name AF Mutual.

3. Defendants sell property and casualty insurance in the State of Ohio.

4. On their common website Defendants list Am Fam as the underwriter of home owners property insurance in Ohio, even though they listed AF Mutual as the underwriter of Plaintiff's home owners insurance policy.

5. In reality Defendants act as one entity for all material purposes, and AF Mutual has no real separate corporate existence apart from Am Fam.

6. Defendants have common employees, management, corporate policies and procedures, and have no separate corporate existence.

7. Defendants maintain numerous offices in Ohio for the conduct of their usual and customary business, including the sale of insurance policies.

**PARTIES**

8. Plaintiff is a resident and citizen of the State of Ohio.

9. Defendants are organized under the laws of the State of Wisconsin and headquartered in Madison, Wisconsin. Defendants regularly transact business in the State of Ohio such that the exercise of personal jurisdiction over Defendants comports with due process.

## SUBJECT MATTER JURISDICTION AND VENUE

10. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(d)(2). There are more than 100 members in the proposed class, at least one member of the proposed class has state citizenship that is different than Defendants', and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

11. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b) because Defendants' conduct giving rise to this complaint occurred within the territory of this District. Venue is also proper pursuant to 28 U.S.C. §1391(c) because Defendants are corporations deemed to reside in this District.

## THE WRONGFUL CONDUCT

12. This case involves systematic adjusting practices used by Defendants to understate, and under-pay, the actual cash value of property damage suffered by policyholders, thereby denying them (including Plaintiff) the full amount of indemnity to which they are entitled.

13. Defendants routinely understate actual cash value by depreciating the labor component of repair costs and other non-material costs, instead of only the physical item that is subject to wear, tear, and obsolescence.

14. The residential home owned by Plaintiff ("the Home"), suffered substantial damage on or about January 30, 2020.

15. At the time of the loss the Home was insured by Defendants' policy no. 410429171689. A copy of the insurance policy is attached as Exhibit 1.

16. The policy included, among other coverages, indemnity coverage for physical damage to the Home caused by perils other than those specifically excluded under the policy.

17. Plaintiff submitted an insurance claim to Defendants and requested payment for the damage to the Home.

18. Defendants confirmed that the Home had sustained damage due to a covered peril and that they had an obligation and duty to pay Plaintiff for the repair or replacement of the damaged portions of the Home pursuant to the terms of his insurance policy.

19. Defendants appointed an adjuster employed by Defendant Am Fam to adjust Plaintiff's insurance claim in accordance with Defendants' common adjusting policies and procedures, and that adjuster inspected the damage to the Home for purposes of preparing an estimate of the cost to repair or replace the damaged property.

20. The adjuster submitted an estimate for repair of the damage to the Home, a copy of which is attached hereto as Exhibit 2.

21. The adjuster's estimate found that Plaintiff had suffered loss and damage to the Home in the amount of $15,978.84.

22. The repair costs estimated by the adjuster included costs for material and labor to repair the Home, and sales tax on materials.

23. Defendant's policy contains no definition of depreciation, but nonetheless provides that Defendant will only pay this actual cash value ("ACV") of a loss to the insured until the repair or replacement of the damaged property is actually completed, which Defendants calculated by subtracting depreciation from the cost of repairs.

24. Defendants' estimate provided to Plaintiff calculated ACV as repair or replacement cost of the damaged part of the property less depreciation.

25. Defendants' insurance policy contains no definition of depreciation.

26. In the context of insurance law depreciation is defined as "[a] decline in an asset's value because of use, wear, obsolescence, or age." Black's Law Dictionary 506 (9th ed. 2009).

27. In calculating ACV Defendants reduced the amount paid to Plaintiff by $ 10,355.06 for depreciation.

28. Defendants made a Net ACV payment of $ 5,623.78 to Plaintiff, and Plaintiff received no further payments from Defendants.

29. In making Plaintiff's ACV calculation, Defendants depreciated the labor required to repair the Home; but unlike a physical "asset," labor does not depreciate in value over time.

30. The Ohio Department of Insurance has indicated that it is inappropriate and contrary to industry practice to depreciate labor.

31. Defendants' depreciation of labor costs associated with repairing the Home resulted in Plaintiff receiving an ACV payment in an amount less than he was contractually entitled to under the insurance policy.

32. Defendants' breached the insurance policy by improperly depreciating the cost of labor and other non-material costs, causing damage and harm to Plaintiff and the class members.

33. As a direct and proximate result, Plaintiff has suffered damage in an amount greater than $100.00.

## COUNT I
## BREACH OF CONTRACT

34. Plaintiff restates and incorporates by reference all preceding allegations.

35. By depreciating labor in the calculation of Plaintiff's ACV payment, Defendants breached their obligations to Plaintiff under the insurance policy.

36. Plaintiff and all plaintiff class members satisfied or discharged all conditions precedent to Defendants' obligations under the contract.

37. As a direct and proximate result of Defendants' breach of their obligations under the policy, Plaintiff and the class members have received payment for their losses in amounts less than they were entitled to under their homeowners' insurance policies.

38. Defendants' practice of depreciating labor and other non-material costs in the calculation of ACV payments made in connection with property damage claims under Defendants' homeowners' policies in Ohio is a breach of Defendants' obligations under those policies.

## CLASS ACTION ALLEGATIONS

39. El-Far seeks to represent a class defined as follows:

All policyholders under any property insurance policies issued by Defendants who made: (1) a structural damage claim for property located in the State of Ohio; and (2) which resulted in an actual cash value payment from which "non-material depreciation" was withheld from the policyholder; or which should have resulted in an actual cash value payment but for the withholding of "non-material depreciation" causing the loss to drop below the applicable deductible.

   a. In this definition, "non-material depreciation" means application of either the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" option settings within Xactimate software.

   b. The class period for the proposed class is the maximum time period as allowed by applicable law.

   c. The class excludes all claims arising under policy forms expressly permitting the "depreciation" of "labor" within the text of the policy form and any claims in which the initial actual cash value payment exhausted the applicable limits of insurance.

   d. Excluded from the Class are: (1) all persons or entities that received payment from Defendants in the full amount of insurance shown on the declarations page or that otherwise received payment of the withheld depreciation; (2) Defendants and their affiliates, officers or directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel.

6

40. The relatively small amounts of damage suffered by each class member make filing separate suits by each class member economically unfeasible.

41. Plaintiff is similarly situated to the members of the class, and will fairly and adequately represent all members of the class.

42. Plaintiff has no relationship with Defendants other than as an adverse party in this case.

43. Plaintiff's claim is typical of the class claims.

44. Common questions of law and fact apply to Plaintiff's claims and the claims for the class, and those common questions predominate over individualized questions.

45. These common questions that are amenable to class wide resolution include:

    a. Whether Defendants' policy language allows Defendants to depreciate labor costs and other non-material costs in the calculation of ACV payments;

    b. Whether Defendants' depreciation of labor costs and other non-material costs in their calculations of ACV payments breaches the insurance policy;

    c. Whether the term "actual cash value" as used in the Defendants' homeowners insurance policy is ambiguous and susceptible to more than one reasonable interpretation, including an interpretation that permits depreciation of material only and not labor and other non-material costs;

    d. Whether Defendants have a common custom and practice of depreciating labor costs and contractor overhead and profit in the calculation of ACV payments; and,

    e. Whether Plaintiff and the putative class have suffered damage as a result of Defendants' depreciation of labor costs and other non-material costs in the calculation of ACV payments.

46. Proposed counsel for the proposed class, James A. DeRoche and Patrick J. Perotti, are knowledgeable and experienced in class and insurance litigation and will fairly and adequately represent the interests of the proposed class.

47. The questions of law and fact common to members of the proposed class predominate over any individual questions of law or fact affecting any member of the class and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

48. No unusual difficulties are anticipated in the management of this case as a class action.

49. The proposed class consists of more than 100 individuals.

## **DEMAND FOR JUDGMENT**

Plaintiff Mohamed El-Far, both individually and on behalf of each member of the proposed class, requests that the Court grant the following relief:

a. Enter an order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, certifying this action as a class action for a class defined as set forth in paragraph 39;

b. Enter an order appointing James A. DeRoche and Patrick J. Perotti as counsel for the plaintiff class, and appointing Plaintiff El-Far as the representative Plaintiff for the class;

c. Enter judgment in favor of plaintiff and the plaintiff class for their actual damages, being the amount that Defendants reduced actual cash value payments to each class member by depreciating the cost of labor and other non-material costs;

d. Award Plaintiff El-Far and the plaintiff class all expenses of this action, and requiring Defendants to pay the costs and expenses of class notice and claim administration; and

e. Award such other or further relief in law or equity in favor of Plaintiff and the plaintiff class and against Defendants as the Court finds just and appropriate.

*/s/ James A. DeRoche*
James A. DeRoche, Esq. (#0055613)
**GARSON JOHNSON LLC**
1600 Midland Building
101 West Prospect Avenue
Cleveland, Ohio 44115
Phone: (216) 696-9330
Fax: (216) 696-8558
Email: jderoche@garson.com

Patrick J. Perotti, Esq. (#0005481)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
Phone: (440) 352-3391
Fax: (440) 352-3469
Email: pperotti@dworkenlaw.com

*Counsel for Plaintiff*